IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRADLEY EVANS PARSONS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| DEUTSCHE BANK NATIONAL TRUST | § | No. 3:18-cv-1287-L-BN |
| COMPANY as Trustee for the Holders | § | |
| of New Century Home Equity Loan Trust | § | |
| Series 2005-A, Asset Backed | § | |
| Pass-Through Certificates, | § | |
| | § | |
| Defendant. | § | |

**AMENDED FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge
for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference
from United States District Judge Sam A. Lindsay. *See* Dkt. No. 10.

Defendant Deutsche Bank National Trust Company, as Trustee for the Holders
of New Century Home Equity Loan Trust, Series 2005-A Pass-Through Certificates
("Deutsche"), filed a Motion to Dismiss Plaintiff's Original Complaint. *See* Dkt. No. 7.
Plaintiff Bradley Evans Parsons, representing himself *pro se*, filed a response, *see* Dkt.
No. 14, and Deutsche filed a reply, *see* Dkt. No. 17.

Plaintiff also filed a Motion to Quash Defendant's Motion to Dismiss for Failure
to State a Claim upon Which Relief Can Be Granted. *See* Dkt. No. 25. Plaintiff asserts
that the Motion to Dismiss should be denied because it lacks documentary or affidavit

support for statements made in the motion. Deutsche filed a response, *see* Dkt. No. 26, and Plaintiff filed a reply, *see* Dkt. No. 27.

The undersigned magistrate judge withdraws the original Findings, Conclusions, and Recommendation [Dkt. No. 36] and issues the following amended findings of fact, conclusions of law, and recommendation.

## Background

This lawsuit arises from the attempted foreclosure of real property located in Johnson County, Texas.

On April 25, 2015, Plaintiff and his wife, Sandra B. Parsons, obtained a $50,000 home equity loan from New Century Mortgage Corporation to refinance their house in Cleburne, Texas (the "Property"). They executed a Texas Home Equity Note (the "Note"), *see* Dkt. No. 8-2, and a Texas Home Equity Security Instrument (First Lien) (the "Security Instrument"), *see* Dkt. No. 8-3.

On December 10, 2013, New Century Mortgage Corporation assigned the Security Instrument to Deutsche. *See* Dkt. No. 8-4.

On November 3, 2015, Sandra B. Parsons passed away. *See* Dkt. No. 8-1 at 11.

On May 31, 2017, Deutsche filed an application for expedited foreclosure under Texas Rule of Civil Procedure 736 (the "Rule 736 Application"). *See* Dkt. No. 8-5 at 2-11. In the Rule 736 Application, Deutsche alleged that the Loan was in default status, that a notice to cure the default had been sent, and that the opportunity to cure had expired. *See id.* at 2-6. The Rule 736 Application was supported by affidavit evidence,

-2-

*see id.* at 7-10, and copies of the pre-foreclosure notices sent by certified mail, *see id.* at 40-45 (November 15, 2012 "Notice of Default"); 48-51 (April 9, 2015 "Notice of Acceleration").

On June 19, 2017, Plaintiff mailed a notice of rescission (the "Notice of Rescission") to Deutsche in which he claims to rescind the note and deed of trust under the Truth in Lending Act ("TILA"). *See* Dkt. No. 1-1 at ¶12; Dkt. No. 8-8 at 3. The Notice of Rescission was also filed in the real property records of Johnson County, Texas. *See* Dkt. No. 8-8.

On August 17, 2017, the state court entered a Rule 736 order authorizing Deutsche to proceed with a foreclosure sale of the Property. *See id.* at 8-1.

Foreclosure was scheduled for May 1, 2018. *See* Dkt. No. 1-1 at 10.

On March 5, 2018, Plaintiff filed a voluntary petition for Chapter 13 bankruptcy (the "Bankruptcy Petition"). *See* Dkt. No. 8-6; *In re Parsons*, No. 18-30700-hdh13 (Bankr. N.D. Tex. Mar. 5, 2018). The bankruptcy court dismissed Plaintiff's Bankruptcy Petition on March 12, 2018. *See* Dkt. Nos. 8-6 at 2, 8-7 at 3.

On April 26, 2018, Plaintiff sued Deutsche in state court. *See* Dkt. No. 1-1. Plaintiff asserts claims to quiet title and for fraud, breach of contract, and conspiracy and seeks declaratory and injunctive relief and actual damages. *See id.* Plaintiff asserts that, because he rescinded the loan on June 19, 2015, Deutsche cannot foreclose. Plaintiff also challenges Deutsche's standing as "owner" of the Security Instrument.

Deutsche removed the case to this Court on May 14, 2018*, see* Dkt. No. 1, and filed its motion to dismiss (the "Motion to Dismiss") on May 21, 2018, *see* Dkt. No. 7. Deutsche seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that Plaintiff has failed to state a claim against it.

Plaintiff filed a response, *see* Dkt. No. 14, and Deutsche filed a reply, *see* Dkt. No. 17. Plaintiff attaches documentary evidence to his response. The Court cannot consider Plaintiff's submitted documents that are not part of the pleadings, referred to in Plaintiff's petition, or central to his claim, but it may consider the documents that are available in public records.

Plaintiff also filed a motion to quash Deutsche's motion to dismiss. *See* Dkt. No. 25. Deutsche file a response, *see* Dkt. No. 26, and Plaintiff filed a reply, *see* Dkt. No. 27.

The undersigned now concludes that the Court should grant Deutsche's Motion to Dismiss and deny Plaintiff's Motion to Quash.

## Legal Standards

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiffs must allege more than labels and conclusions, and, while a court must accept all of the Plaintiffs' allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ____, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to

dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347, and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. That rationale has even more force in this case, as the Court "must construe the pleadings of pro se litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to

a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"). And "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion," where, although "[w]hen matters outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and appropriate notice given to the parties," the United States Court of Appeals for the Fifth Circuit has held "that briefs and oral arguments in connection with the motion … are not considered matters outside the pleadings for purposes of conversion." *Turnage v. McConnell Techns., Inc.*, 671 F. App'x 307, 309 (5th Cir. 2016) (per curiam)

(internal quotation marks and citations omitted).

## Analysis

I.    <u>Deutsche has standing to foreclose.</u>

    A.    <u>Plaintiff's Notice of Rescission was untimely.</u>

Plaintiff contends that Deutsche does not have standing to enforce the Note or Security Interest. He alleges that he rescinded the Note and Security Interest under the TILA and, as a result, the Note and Security Instrument "do not now exist" and have been "eviscerated from their former existence." Accordingly, Plaintiff contends that Deutsche cannot foreclose on the Property because his rescission of the Note and Security Instrument "rendered [them] null and void" and deprived Deutsche of any interest in those instruments. *See* Dkt. No. 1-1 at 12-13.

The TILA "has the broad purpose of promoting the informed use of credit by assuring meaningful disclosure of credit terms to consumers." *Schieroni v. Deutsche Bank Nat'l Trust Co.*, No. Civ. A. H-10-663, 2011 WL 3652194, at *3 (S. D. Tex. Aug. 18, 2011) (internal quotation marks and citations omitted); *see also* 15 U.S.C. § 1601; 12 C.F.R. § 226.1(b). In certain credit transactions involving a lien on the borrower's principal dwelling, the borrower has "the right to rescind the transaction until midnight of the third business day following [its] consummation." 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(a). The creditor must disclose this right to the borrower and provide him with the appropriate forms to enable him to exercise it. *See* 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(b).

The limitations period for a right of rescission claim under the TILA is "three

years after the date of the consummation of the transaction." 15 U.S.C. § 1635(f). In his petition, Plaintiff refers to the United States Supreme Court's decision in *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790 (2015), for support. But, in *Jesinoski*, the Supreme Court addressed how the right to rescission is exercised, not when, and held that the borrower must provide written notice but need not also file a lawsuit before the three-year period elapses. *See id.* at 792-93.

Here, the Security Interest was dated April 25, 2005. *See* Dkt. No. 8-3. On June 19, 2019, Plaintiff executed and mailed the Notice of Rescission to Deutsche and recorded it in the real property records of Johnson County, Texas. *See* Dkt. No. 8-8.

Because the Security Instrument was executed on April 25, 2005, the three-year limitations period ended on April 25, 2008. Plaintiff claims to have rescinded the Security Instrument almost ten years later. Section 1635(f) completely bars any rescission claim filed after the three-year limitations period has run. *See Jesinoski*, 135 S. Ct. at 792. Accepting Plaintiff's alleged facts as true from the face of his petition and any incorporated documents, Plaintiff's rescission-based claims are barred by the statute of limitations.

Plaintiff's untimely rescission did not alter the validity of the Note and Security Instrument, and Deutsche may foreclose on the Property because it has an ownership interest in the Security Interest through the assignment from the original lender.

B.      Plaintiff does not have standing to challenge the securitization process.

Throughout his petition, Plaintiff makes conclusory statements about the

securitization process, including allegations that there is no unbroken chain of title that reflects the true holder of the Note and Security Instrument from the closing to the present day, that Plaintiff cannot determine exactly who owns the Note and has legal title and right to the payments, and that TARP funds paid Plaintiff's Note in full. *See* Dkt. No.1-1 at 14.

Plaintiff lacks standing to challenge the securitization process or, to the extent that he may be doing so, to allege violations of the pooling and servicing agreement ("PSA") that created the Defendant trust, because Plaintiff has failed to state any facts to suggests that he was a party to the PSA or that the parties to the PSA intended to benefit him. "[B]orrowers, as non-parties to the PSA, 'have no right to enforce its terms unless they are its intended third-party beneficiaries.'" *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 342 (5th Cir. 2013) (per curiam) (quoting *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 228 (5th Cir. 2013)). And Plaintiff has not alleged any facts to indicate that he was an intended beneficiary of the PSA.

And, to the extent that Plaintiff's claims are based on a "show-me-the-note" or "split the note" theory, they are easily disposed of. The Fifth Circuit has definitively rejected both theories. *See Martins v. BAC Home Loans Serv., L.P.*, 722 F.3d 249 (5th Cir. 2013).

The "show-me-the-note" theory posits that, to foreclose, a party must produce the original note bearing a "wet ink signature." *See id.* at 253. "Numerous federal district courts have addressed this question, and each has concluded that Texas recognizes

assignment of mortgages through MERS and its equivalents as valid and enforceable without production of the original, signed note." *Id*. "The original, signed note need not be produced in order to foreclose." *Id*. at 254. Texas law does not "require the mortgage servicer to be the 'holder' of the Note [or] Deed of Trust or to produce the original loan documents." *Sawyer v. Mortgage Elec. Registration Sys., Inc.*, No. 3:09–cv–2303–K, 2010 WL 996768, at *3 (N.D. Tex. Feb.1, 2010), *rec. adopted*, 2010 WL 996917 (N.D. Tex. Mar. 17, 2010); *see also Darocy v. Chase Home Fin., LLC*, No. 3:10-cv-1259-L, 2012 WL 840909, at *10 (N.D. Tex. Mar. 9, 2012) (explaining that the Texas statute "contemplates that someone other than the holder of the original [loan documents] may lawfully foreclose on the security interest").

The "split-the-note" theory posits that a transfer of a deed of trust without contemporaneous transfer of the note "splits" the note from the deed of trust, rendering both null. *See Martins*, 722 F.3d at 254. This theory requires a party to hold both the note and the deed of trust to foreclose. *See id.* Despite recognizing a "few" sources in Texas law that support the "split the note" theory, the Fifth Circuit noted that the "weight of Texas authority" suggests the opposite. *Id*. at 255.

The Court of Appeals concluded that "the 'split-the-note' theory is therefore inapplicable under Texas law where the foreclosing party is a mortgage servicer and the mortgage has been properly assigned. The party to foreclose need not possess the note itself." *Id.*; *see also Warren v. Bank of Am., N.A.*, No. 3:11-cv-3603-M, 2012 WL 3020075, at *4 (N.D. Tex. Mar. 19, 2013), *rec. adopted*, 2013 WL 1131252 (N.D. Tex.

June 19, 2013), *aff'd*, 566 F. App'x 379 (5th Cir. May 6, 2014) (transfer of the note or deed of trust automatically transfers the other because they "must be read ... and construed together as a single instrument"); *Islamic Ass'n of DeSoto Texas, Inc. v. Mortgage Elec. Registration Sys., Inc.*, No. 3:12-cv-613-D, 2012 WL 2196040, at *3 (N.D. Tex. June 15, 2012) (" '[T]he transfer of an obligation secured by a note also transfers the note because the deed of trust and note are read together to evaluate their provisions.' " (citation omitted)).

II.    <u>Plaintiff's breach of contract claim should be dismissed.</u>

In Texas, "'[t]he essential elements of breach of contract claims are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.'" *Smith Intern., Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.*, 51 S.W.3d 345, 351 (Tex. App. – Houston [1st Dist.] 2001, no pet.)). A claim for breach of a note and deed of trust must identify the specific provision in the contract that was breached. *See Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014).

Plaintiff alleges that the Notice of Default was defective but does not state facts to support the allegation. *See* Dkt. No. 1-1 at 17. The public record from the Rule 736 Action confirms that the Notice of Default was mailed to Plaintiff at the Property on November 15, 2012. *See* Dkt. No. 8-5 at 40-45.

Deutsche argues that because Plaintiff defaulted on the mortgage, he cannot

establish the second element of a breach of contract claim. But the Fifth Circuit recently ruled in *Williams v. Wells Fargo Bank, N.A.* that

> Texas courts "must ... attempt to give effect to all contract provisions so that none will be rendered meaningless." If performance of the terms of a deed of trust governing the parties' rights and obligations in the event of default can always be excused by pointing to the debtor's default under the terms of the note, the notice terms have no meaning. Such a reading is inconsistent with the intent of the parties and with Texas law.

*Williams v. Wells Fargo Bank, N.A.*, 884 F.3d 239, 245 (5th Cir. 2018) (quoting *Kelley-Coppedge, Inc. v. Highlands Ins. Co.*, 980 S.W.2d 462, 464 (Tex. 1998)); *see Shastry v. U. S. Bank Nat'l Ass'n*, No. 3:16-cv-3335-G-BN, 2018 WL 467132, at *8-10 (N.D. Tex. July 27, 2018) (discussing *Williams*).

Here, Plaintiff asserts that TARP funds paid the Note in full, but he pleads no facts to support this conclusory allegation. Plaintiff also alleges that Deutsche violated the Deed of Trust by failing to uphold its notice obligations. *See* Dkt. No. 1-1 at 17. Plaintiff's own breach is not dispositive of his ability to maintain a claim of breach of contract against Deutsche because these notice terms would then be meaningless as they are only ever invoked subsequent to a default.

Plaintiff also identifies paragraph 22 of the Security Instrument as the provision that was breached. Paragraph 22 concerns the notice of sale. *See* Dkt. No. 8-3 at 14-15. Plaintiff fails to state facts concerning the notice of sale, including how it was breached, other than to concede that a notice of sale was sent to him because his receipt of the notice of sale scheduling the Property for a May 1, 2018 foreclosure sale prompted his filing of this lawsuit. *See* Dkt. No. 1-1 at 10, ¶ 7.

The new allegation contained in Plaintiff's response to the motion to dismiss – that the transaction was never consummated – is "not appropriately considered in a Rule 12(b)(6) motion, which evaluates the sufficiency of the complaint itself and does not consider allegations not contained in the pleadings." *Coach, Inc. v. Angela's Boutique*, Civil Action No. H-10-1108, 2011 WL 2634776, at *2 (S.D. Tex. July 5, 2011); *see also Sheddy v. JPMorgan Chase Bank, N.A.*, No. 3:12-cv-2804-M (BF), 2013 WL 5450288, at *5 (N.D. Tex. Sept. 30, 2013) ("Plaintiff is not entitled to add new claims to his complaint by way of his response.").

Plaintiff also appears to suggest that his breach-of-contract claim is based on alleged conduct that occurred at the origination of the loan. Plaintiff alleges that he was "denied the right to know when and who was making and providing the actual funding of the closing ... at the time of the alleged closing transaction." Dkt. No. 1-1 at 14. If Plaintiff is asserting this claim, it is clear from the face of his petition that it is time-barred by the applicable four-year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE § 16.051; *see generally Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) ("A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like."). The loan's origination date was April 25, 2005, and Plaintiff filed his petition thirteen years later, on April 26, 2018.

For all of these reasons, the undersigned concludes that Plaintiff has failed to state a claim for breach of contract. Accordingly, the Court should dismiss Plaintiff's breach of contract claim without prejudice.

III.   <u>Plaintiff's conspiracy claim should be dismissed.</u>

Plaintiff does not plead conspiracy as a standalone claim, but throughout his petition Plaintiff generally states that Deutsche committed or was part of a conspiracy. To state a claim for civil conspiracy under Texas law, Plaintiff must sufficiently allege (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result . *See Homoki v. Conversion Servs., Inc.*, 717 F.3d 388, 404–05 (5th Cir. 2013). "Civil conspiracy is a derivative tort; therefore, liability for a civil conspiracy depends on participation in an underlying tort." *Id.* at 402. "In order to adequately plead a claim for civil conspiracy, a plaintiff must adequately plead the underlying tort." *Id.* If the underlying tort claim fails, so, too, does the civil conspiracy claim as a matter of law. *See Davis–Lynch, Inc. v. Moreno*, 667 F.3d 539, 553 (5th Cir. 2012) ("To establish the required 'overt act,' a plaintiff must show that the defendant committed an act that, if done alone, would give rise to a cause of action."); *Meadows v. Hartford Life Ins. Co.*, 492 F.3d 634, 640 (5th Cir. 2007) ("Under Texas law, civil conspiracy is a derivative tort. If a plaintiff fails to state a separate underlying claim on which the court may grant relief, then a claim for civil conspiracy necessarily fails. Thus, whether Meadows stated a claim for civil conspiracy rises and falls on whether he stated a claim on an underlying tort." (citation omitted)); *see also Carlton v. Steele*, 278 F. App'x 352, 355 (5th Cir. 2008); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1194–95 (5th Cir. 1995); *Turner v. Pavlicek*, No. H–10–00749, 2011 WL

4458757, at *14 (S. D. Tex. Sept. 22, 2011). And "[c]onspiracy to commit a tort requires that the parties conspire to commit an intentional tort." *Martin v. Tex. Dep't of Protective & Regulatory Servs.*, 405 F.Supp.2d 775, 799 (S. D. Tex. 2005); accord *Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex. 1996) ("Because negligence by definition is not an intentional wrong, one cannot agree or conspire to be negligent.").

Plaintiff does not allege facts that identify any individual or entity that allegedly conspired with Deutsche to commit an unlawful act. Plaintiff has not alleged sufficient facts to identify what allegedly unlawful act he asserts forms the basis of his conspiracy claim. And Plaintiff does not allege Deutsche and its unidentified co-conspirators acted with specific intent to commit an unlawful act, pursuant to an agreement to commit an unlawful act, or what the agreement was or when the alleged agreement was formed. Instead, Plaintiff offers nothing more than an "unadorned, the-defendant-unlawfully-harmed me accusation," which cannot survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678.

The Court should dismiss Plaintiff's civil conspiracy claim without prejudice.

## V.   Plaintiff's fraud claim should be dismissed.

Again, Plaintiff does not plead fraud as a standalone claim, but he generally alleges Deutsche committed fraud throughout his petition. Under Texas law, the elements of fraud are: (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party

should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *See In re First Merit Bank*, N.A., 52 S.W.3d 749, 758 (Tex. 2001).

Deutsche argues that Plaintiff's fraud claim is barred by the economic loss doctrine. Under Texas law, the economic loss rule "generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract." *Lamar Homes, Inc. v. Mid–Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex. 2007). Thus, tort damages are generally not recoverable if the defendant's conduct "would give rise to liability only because it breaches the parties' agreement." *Sw. Bell. Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991). Tort damages are recoverable, however, if the defendant's conduct "would give rise to liability independent of the fact that a contract exists between the parties." *Id*. In *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617 (Tex. 1986), a negligent supervision case, the Texas Supreme Court explained: "The nature of the injury most often determines which duty or duties are breached. When the injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone." *Id*. at 618; *see also DeLanney*, 809 S.W.2d at 494 ("When the only loss or damage is to the subject matter of the contract, the plaintiff's action is ordinarily on the contract.").

"In determining whether a tort claim is merely a repackaged breach of contract claim, a court must consider: 1) whether the claim is for breach of duty created by contract, as opposed to a duty imposed by law; and 2) whether the injury is only the

economic loss to the subject of the contract itself." *Stanley Indus. of S. Fla. v. J.C. Penney Co.,* No. 3:05-cv-2499-L, 2006 WL 2432309, at *5 (N.D. Tex. Aug. 18, 2006) (citing *Formosa Plastics Corp. USA v. Presidio Eng'rs and Contractors, Inc.*, 960 S.W.2d 41, 45–47 (Tex. 1998)); *DeLanney,* 809 S.W.2d at 494-95.

Plaintiff does not allege any independent injury outside of the purported economic loss relating to the subject matter of the contracts between Plaintiff and Deutsche – the Note and Security Instrument. Because Plaintiff's allegations in supports of his fraud claim are based on the contractual relationship, the economic loss doctrine applies and bars Plaintiff's fraud claim.

Deutsche also argues that Plaintiffs pleading lacks the specificity required by Federal Rule of Civil Procedure 9(b) because it alleges no facts in support of any fraud claim. *See* Dkt. No. 14 at 15. Rule 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake," FED. R. CIV. P. 9(b), and Texas state law fraud claims are subject to this requirement, *see Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 550–51 (5th Cir. 2010). "To plead fraud adequately, the plaintiff must 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.' " *Id.* at 551 (quoting *ABC Arbitrage v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)).

Plaintiff alleges that "there is a vertically integrated conspiracy to defraud" Plaintiff and the investors, Dkt. No. 1-1 at ¶ 23; that "the real property appraisal upon which this alleged real property refinancing was founded is wanting as to its fraud in

preparation and execution of the said property Appraisal," *id.* at ¶ 29; and that Plaintiff has been the "subject of an interest rate fraud perpetrated by" Deutsche and others, *id.* at 30. But Plaintiff does not identify what purported misrepresentation was made by Deutsch or allege the "who, what, when, where, and how" details of the alleged fraud or false representations as Rule 9(b) requires. Plaintiff does not allege that Deutsche made any specific misrepresentation to him or that Deutsche knew the representations to be false or made the representations recklessly and without knowledge of their truth, and with the intent that Plaintiff rely on them to his detriment. His fraud claims are therefore insufficient under Rule 9(b) and, for that matter, Rule 8(a) as interpreted by *Iqbal* and *Twombly*. *See Iqbal*, 556 U.S. at 678, 681.

Accordingly, the Court should dismiss Plaintiff's fraud claim without prejudice.

## IV.   Plaintiff's suit to quiet title should be dismissed.

"A suit to quiet title is a request to invoke the court's powers of equity in removing a 'cloud' on the plaintiff's title to the property." *Smitherman v. Bayview Loan Serv., L.L.C*, 727 F. App'x 787, 790 (5th Cir. 2018) (citing *Ellis v. Waldrop*, 656 S.W.2d 902, 905 (Tex. 1983)).

> To quiet title in his favor, a plaintiff "must allege right, title, or ownership in himself ... with sufficient certainty to enable the court to see he ... has a right of ownership that will warrant judicial interference." *Turner v. AmericaHomeKey Inc.*, 514 F. App'x 513, 516 (5th Cir. 2013) (per curiam) (unpublished) (citing *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App. – Beaumont 2000, pet. denied)). Importantly, the plaintiff in a quiet title action must recover on the strength of his title, not on the alleged weakness of the defendant's title. *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App. – Corpus Christi 2001, no pet.).

*Id.* at 790-91. "'Under Texas law, to prevail in a suit to quiet title, the plaintiff must prove: (1) his right, title, or ownership in real property; (2) that the defendant has asserted a 'cloud' on his property, meaning an outstanding claim or encumbrance valid on its face that, if it were valid, would affect or impair the property owner's title; and (3) that the defendant's claim or encumbrance is invalid." *Warren v. Bank of Am., N.A.*, 566 F. App'x 379, 382 (5th Cir. 2014). In a suit to quiet title, a plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see [that] he or she has a right of ownership that will warrant judicial interference." *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App. – Beaumont 2000, pet. denied). To prevail, a plaintiff must "show a superior interest in the property." *Thompson v. Bank of Am. Nat. Ass'n*, 783 F.3d 1022, 1026 (5th Cir. 2015).

Plaintiff's quiet title claim appears to be based on his allegations that the Notice of Rescission rendered the Note and Security Instrument void and null. But, as explained above, that is not the case. And documents from public records show that Deutsche is the assignee of the Security Instrument, which has not been discharged and is a valid and legally enforceable lien on the Property.

Accordingly, the undersigned concludes that the Court should dismiss the suit to quiet title with prejudice.

VI.    <u>Plaintiff's claims for declaratory and injunctive relief should be dismissed.</u>

Plaintiff seeks declaratory judgment that all documents and filings of Deutsche that cloud Plaintiff's title to the Property be set aside and removed from the real property records of Johnson County, Texas; that Deutsche has breached the alleged

contract between the parties and that the alleged contract is unenforceable for all purposes; and that Deutsche has engaged in a conspiracy to deprive Plaintiff of the Property and to commit acts which have been injurious to Plaintiff. *See* Dkt. No. 1-1 at 21 Plaintiff seeks injunctive relief prohibiting Deutsche from "advancing any prosecution of any wrongful foreclosure." *See id.* at 21. Deutsche asserts that Plaintiff's claims for declaratory judgment and injunctive relief should be dismissed because Plaintiff has not alleged any viable claims. *See* Dkt. No. 7 at 17-18, 19.

Declaratory judgment and injunctive relief are forms of relief based on underlying claims. *See Collin Cnty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods (HAVEN),* 915 F.2d 167, 170-71 (5th Cir. 1990) (declaratory judgment); *Cook v. Wells Fargo Bank, N.A.*, No. 3:10-cv-592-D, 2010 WL 2772445, at *4 (N. D. Tex. July 12, 2010) (injunctive relief).

Federal "district courts cannot award relief pursuant to the Texas Declaratory Judgment Act ('TDJA') because declaratory judgment is procedural, not substantive, and federal courts apply their own procedural rules." *Falk v. Wells Fargo Bank*, No. 3:09-cv-678-B, 2011 WL 3702666, at *4 (N.D. Tex. Aug. 19, 2011) (citing *Utica Lloyd's v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1988) (internal quotation marks omitted). Because this action was removed from state court, "the action may be construed as one brought under the federal Declaratory Judgment Act." *Hurd v. BAC Home Loans Servicing, LP,* 880 F. Supp. 2d 747, 769 (N.D. Tex. 2012).

The federal Declaratory Judgment Act ("FDJA") allows a federal court to declare

the rights and legal relations of an interested party. 28 U.S.C. §§ 2201-2202; *Hurd*, 880 F. Supp. 2d at 769. The availability of a declaratory judgment, however, "presupposes the existence of a judicially remedial right." *Schilling v. Rogers*, 363 U.S. 666, 677 (1960). Like the TDJA, the FDJA is a procedural device that creates no substantive rights. *See Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-41 (1937). Consequently, the FDJA provides no relief unless there is a justiciable controversy between the parties. *See id.* A plaintiff seeking declaratory relief must therefore allege a "substantial and continuing" controversy, which the Fifth Circuit has likened to the Article III standing requirement of an existing case or controversy. *See Bauer v. Tex.*, 341 F.3d 352, 358 (5th Cir. 2003). "The Plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred." *Id*. And, further, a request for declaratory judgment is remedial in nature and depends upon the assertion of viable causes of action. *See Naddour v. Nationstar Mortg., LLC*, No. 3:11-cv-1096-B, 2012 WL 4473127, at *7 (N.D. Tex. Sept. 27, 2012).

As discussed above, Plaintiff has failed to allege facts demonstrating a justiciable controversy. Accordingly, the claims for a declaratory judgment, temporary restraining order, temporary injunction, and permanent injunction should be dismissed without prejudice.

V.    Plaintiff's Motion to Quash should be denied.

Finally, Plaintiff urges the Court to deny the Motion to Dismiss because, "[b]eginning on page 6 of Defendant's Motion To Dismiss, the Counsel for the defense

begins making statements and claims about Plaintiff's actions that are not made under oath and about which she has no personal, first-hand knowledge," and, "[u]nder those circumstances, this court must not take into consideration any of the claims and or statements put forth by counsel for defense as they are not made under oath." Dkt. No. 25 at 2 (citing *Trinsey v. Pagliaro*, 229 F. Supp 647, 649 (E.D. Pa. 1964). "Since there are no affidavits or depositions included in defense counsel's motion, Plaintiff submits that this Court should not take into consideration any statements made by defense counsel in her motion." *Id.* at 3.

As set forth above, the Court should not rely on any documents or facts outside of Plaintiff's petition except to the extent explained above, and the Court could not properly rely on sworn statements of Defendant's counsel in the context of a Rule 12(b)(6) motion to dismiss. Defendant's briefing does not violate these rules, and "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion." *Turnage*, 671 F. App'x at 309 (internal quotation marks and citations omitted).

The Court should reject Plaintiff's objection in his Motion to Quash.

### Recommendation

The Court should deny Plaintiff's Motion to Quash Defendant's Motion to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted [Dkt. No. 25], grant Defendant's Motion to Dismiss Plaintiff's Original Complaint [Dkt. No. 7] and dismiss Plaintiff's claim to quiet title with prejudice. The Court should dismiss Plaintiff's claims for breach of contract, conspiracy, fraud, declaratory judgment, and

injunctive relief without prejudice and should grant Plaintiff 21 days from the date of any order adopting these Findings, Conclusions, and Recommendation in which to file an amended complaint as to those claims that should be dismissed without prejudice and should order that, if Plaintiff fails to do so, the case will be dismissed with prejudice without further notice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 22, 2019

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-24-