IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRADLEY EVANS PARSONS, | § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:18-cv-1287-L-BN |
| DEUTSCHE BANK NATIONAL TRUST COMPANY as Trustee for the Holders of New Century Home Equity Loan Trust Series 2005-A, Asset Backed Pass-Through Certificates, BANK OF AMERICA, N.A., and NEW CENTURY MORTGAGE CORPORATION, | § § § § § § § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This *pro se* action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and an order of reference from United States District Judge Sam A. Lindsay. *See* Dkt. No. 10.

On October 31, 2019, the undersigned entered findings of fact and conclusions of law (the "FCR") recommending that the Court grant Defendants Deutsche Bank National Trust Company, as Trustee for the Holders of New Century Home Equity Loan Trust, Series 2005-A Pass-Through Certificates and Bank of America, N.A.'s motion to dismiss the amended complaint [Dkt. No. 43], and thus dismiss Plaintiff Bradley Evans Parsons's claims against them; deny Parsons's motion to strike the motion to dismiss [Dkt. No. 46]; and grant in part and deny in part Parsons's Motion to Enter Document As Evidence and Issue Writ of Execution [Dkt. No. 52]. *See* Dkt.

No. 58. No objections to the FCR have been filed. Instead, on November 27, 2019, Parsons filed a notice of interlocutory appeal as to the FCR. *See* Dkt. No. 63. That notice includes a request for leave to proceed *in forma pauperis* ("IFP") on appeal. *See* Dkt. No. 64. And the undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should deny that request, certifying that the appeal is not taken in good faith.

Findings, conclusions, and recommendations entered by United States magistrate judges are not even orders, much less is a magistrate judge's recommendation an order that "constitutes a final 'collateral order' conferring interlocutory jurisdiction on" the United States Court of Appeals for the Fifth Circuit. *McKee v. Lang*, 393 F. App'x 235, 238 (5th Cir. 2010) (per curiam) (citing *Will v. Hallock*, 546 U.S. 345, 349 (2006) (defining an appealable "collateral order" as an order that conclusively determines an important issue that is separate from the merits in such a way as to render the district court's resolution of that issue unreviewable on appeal from a final judgment)); *see also In re Deepwater Horizon*, 793 F.3d 479, 484-85 (5th Cir. 2015) ("Immediately appealable orders include: those rejecting absolute immunity or qualified immunity; denying a state's claim to Eleventh Amendment immunity; and – in the criminal context – a defendant's adverse ruling on a double jeopardy defense. These types of orders, the Court explained, implicate weighty public interest concerns: in each one, 'some particular value of a high order' was at issue." (quoting *Will*, 546 U.S. at 352; citation omitted)).

"Notice of appeal from a non-appealable order ... does not render void for lack of

jurisdiction acts of the trial court taken in the interval between filing of the notice and dismissal of the appeal." *United States v. Green*, 882 F.2d 999, 1001 (5th Cir. 1989); *see also Nascimento v. Dummer*, 508 F.3d 905, 909-10 (9th Cir. 2007) ("[W]hen a litigant makes an improper interlocutory appeal, such action will not throw a monkey wrench into the machinery of our justice system. Instead, when an improper appeal is taken, the district court retains its jurisdiction to act on the case, and its extant orders must be followed by the litigants, at risk of grave sanction.")).

And, while "[t]here is no docketing fee for an application for an interlocutory appeal under 28 U.S.C. § 1292(b) or other petition for permission to appeal under [Federal Rule Appellate Procedure] 5, unless the appeal is allowed," 28 U.S.C. § 1913, Parsons noticed this interlocutory appeal without requesting certification under Section 1292(b), causing the interlocutory appeal to be docketed by the Fifth Circuit. *See, e.g., Brown v. Hackbarth*, No. 09-C-0519, 2010 WL 3810857, at *1 (E.D. Wis. Sept. 24, 2010) ("No docketing fees are charged for an application for the allowance of an interlocutory appeal under § 1292(b) unless the appeal is allowed. However, in this case plaintiff filed a notice of appeal prior to requesting certification under § 1292(b), thereby causing the Seventh Circuit to docket his appeal and incurring the [ ] filing fee.").

The Court should consider, then, whether proceeding IFP on this interlocutory appeal is appropriate and, for the reasons set out above, conclude that it is not and therefore certify under Federal Rule of Appellate Procedure 24(a)(3)(A) and 28 U.S.C. § 1915(a)(3) that Parsons's interlocutory appeal is not taken in good faith.

## Recommendation

The Court should deny Plaintiff Bradley Evans Parsons's motion for leave to proceed *in forma pauperis* as to his interlocutory appeal [Dkt. No. 64] and, for the reasons stated above, should also certify under Federal Rule of Appellate Procedure 24(a)(3)(A) and 28 U.S.C. § 1915(a)(3) that Parsons's interlocutory appeal is not taken in good faith.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 5, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE