IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BRADLEY EVANS PARSONS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:18-CV-1287-L** |
| | § | |
| **DEUTSCHE BANK NATIONAL** | § | |
| **TRUST COMPANY,** as Trustee for the | § | |
| Holders of New Century Home Equity Loan | § | |
| Trust Series 2005-A, Asset Backed | § | |
| Pass-Through Certificates; **BANK OF** | § | |
| **AMERICA, N.A.; and NEW CENTURY** | § | |
| **MORTGAGE CORPORATION,** | § | |
| | § | |
| Defendants. | § | |

**ORDER**

On October 31, 2019, and December 5, 2019, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Reports") (Docs. 58, 66) were entered, recommending that the court: (1) grant the Motion to Dismiss Plaintiff's Amended Complaint (Doc. 43), filed by Defendants Deutsche Bank National Trust Company, as Trustee for the Holders of New Century Home Equity Loan Trust, Series 2005-A Pass-Through Certificates ("Deutsche Bank"), and Bank of America, N.A. ("BOA") (collectively, the "Moving Defendants"); (2) dismiss with prejudice all claims asserted by Plaintiff Bradley Evans Parsons ("Plaintiff") against the Deutsche Bank and BOA; (3) deny Plaintiff's request to strike the Moving Defendants' Motion to Dismiss included in Plaintiff's response to the Motion to Dismiss (Doc. 46); (4) grant in part and deny in part Plaintiff's Motion to Enter Document As Evidence and Issue Writ of Execution (Doc. 52), filed May 29, 2019; and (5) deny the request by Plaintiff in his November 27, 2019 Notice of Interlocutory Appeal to proceed *in forma pauperis* ("IFP") on appeal (Docs. 63, 64), certifying that the interlocutory appeal

is not taken in good faith. In addition, the magistrate judge recommends that Plaintiff not be allowed to further amend his claims against the Moving Defendants, as he has already been given an opportunity to do so once before after the court dismissed some of his claims without prejudice, and he has pleaded his best case. No objections to the Reports were filed.

Having considered the pleadings, file, record in this case, and Reports, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court: (1) **grants** the Moving Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. 43); (2) **dismisses with prejudice** all claims asserted by Plaintiff against Deutsche Bank and BOA; (3) **denies** Plaintiff's request to strike the Moving Defendants' Motion to Dismiss (Doc. 46); (4) **grants in part and denies in part** Plaintiff's Motion to Enter Document As Evidence and Issue Writ of Execution (Doc. 52);[1] and (5) **denies** Plaintiff's request to proceed IFP in his interlocutory appeal (Docs. 63, 64). The court also agrees that Plaintiff has pleaded his best case against Deutsche Bank and BOA and, therefore, will not be allowed to further amend his pleadings as to these Defendants, as doing so would only unnecessarily delay the resolution of this litigation.

Further, the court **strikes** and **dismisses without prejudice** Plaintiff's claims against New Century Mortgage Corporation ("New Century"), who was added as a party in Plaintiff's Amended Complaint. While the court allowed Plaintiff to amend his pleadings with respect to certain claims

---

[1] This motion is **granted**, to the extent that the court considers the contract at issue attached to Plaintiff's pleadings in ruling on the Moving Defendants' Motion to Dismiss, and **denied**, to the extent that Plaintiff contends that he is entitled to a writ of execution, because, as explained by the magistrate judge, Plaintiff has failed to state a valid claim for breach of contract.

**Order – Page 2**

in ruling on a prior motion to dismiss filed by Deutsche Bank, it did not give Plaintiff permission to add any new parties or new claims.[2]

As no claims by Plaintiff remain in light of this order, the court, in accordance with Rule 58 of the Federal Rules of Civil Procedure, will issue a judgment by separate document. This order also moots the Motion for Summary Judgment (Doc. 56), filed by Deutsche Bank and BOA on October 31, 2019. The clerk of the court **shall**, therefore, terminate this motion and all other pending motions.

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). The court **conclude**s that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 2nd day of January, 2020.

Sam A. Lindsay
United States District Judge

---

[2] As noted by the magistrate judge, a summons was issued as to New Century on February 27, 2019, after Plaintiff filed his Amended Complaint, but there is no indication from the docket sheet that service as to New Century was ever effected by Plaintiff, and New Century has not filed an answer or otherwise responded to the Amended Complaint or made an appearance in this case.

**Order – Page 3**